■ DONALD SOLLECITO et al., Respondents, v 360 EAST 72ND STREET OWNERS INCORPORATED et al., Appellants. [651 NYS2d 865] —Order of the Supreme Court, New York County (Carol Arber, J.), entered January 18, 1996, which, in an action, pursuant to General Municipal Law § 205-a, for personal injuries sustained by plaintiff firefighter while fighting a fire in a cooperative apartment leased to the individual defendants and owned by the corporate defendant, to the extent appealed from, denied, in part, defendants' motion for summary judgment, is unanimously affirmed, without costs or disbursements.

Plaintiff alleges that he fell at the fire scene and sustained a career-ending knee injury; that defendants' failure to maintain a warped parquet floor near the door of the apartment leading to the hallway rendered the self-closing mechanism of the door inoperative; and, that this violation of Administrative Code of the City of New York § 27-371 increased the intensity and extent of the fire, and thus the risk of injury. Defendants contend that plaintiff's deposition testimony establishes that plaintiff fell because of his inability to control the firehose. We agree with the IAS Court's reliance on Fire Department reports, which stated that the open door contributed to the intensity and extent of the fire and that it was a warped floor that prevented the door from closing. This raised an issue of fact as to whether there was a connection between the violation and the injury suffered by plaintiff.

The effect of chapter 703 of the Laws of 1996, which amended the General Obligations Law to add a new section 11-106, upon the IAS Court's dismissal of plaintiffs' common-law negligence causes of action, is not before us on this appeal. Concur—Rosenberger, J. P., Ellerin, Ross, Nardelli and Mazzarelli, JJ.